UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

EASTCO INTERNATIONAL CORPORATION,

    Plaintiff,

v.                                Case No. 16-C-1057

BROAN-NU TONE LLC,

    Defendant.

ORDER DENYING MOTION FOR LEAVE TO FILE A SURREPLY (DOC. 38), DENYING MOTION TO STRIKE SURREPLY (DOC. 39), DENYING MOTION TO DISMISS (DOC. 16) AND RETURNING THIS CASE TO THE CLERK FOR REASSIGNMENT

Eastco International Corporation filed this lawsuit in the Circuit Court of Cook County, Illinois, alleging three claims of breach of contract and account-state and quantum-meruit claims as alternatives for each of the contract claims. Broan-Nu Tone LLC removed the case to the Northern District of Illinois based on diversity jurisdiction.[1] In addition to answering the complaint, Broan filed a counterclaim. The case was then transferred to this court.

Eastco has moved to dismiss Broan's counterclaim under Fed. R. Civ. P. 12(b)(6) or in the alternative to require a more definite statement under Fed. R. Civ. P. 12(e). Eastco contends in its motion that Broan's counterclaim fails to specify the basis for an alleged contract between the parties, what specific acts breached such contract, and which contract terms or acts gave rise to claimed damages. Eastco contends in its motion that if Broan is basing its counterclaim on a 2008 Supply Agreement, that agreement by its terms terminated in 2011.

---

[1] Eastco is a citizen of Illinois while Broan is a citizen of Delaware and Rhode Island, and the amount in controversy exceeds $75,000.

In its reply brief on the motion to dismiss, Eastco raised a new argument—that if Broan was basing its counterclaim on terms from a URL/website, that those terms were rejected by Eastco as shown in two documents—an email and an unsigned letter, both of which Eastco attached to its brief. Broan has moved for leave to file a surreply regarding this new argument. After the time passed for responding to the motion for leave to file a surreply, Eastco moved to strike that motion.

Both the motion for leave to file a surreply (or alternatively to strike certain portions of the reply) and the motion to strike the surreply will be denied. The documents attached to the reply brief (and the corresponding argument) are excluded by the court on its own under Fed. R. Civ. P. 12(d). The documents are outside the pleadings and the court will not convert the Rule 12(b)(6) motion into a summary judgment motion. Because the court will not consider the documents and related argument at all in deciding the Rule 12(b)(6) motion, the surreply (and the alternative motion to strike portions of the reply) is unnecessary. And the motion to strike the surreply is moot.

Regarding the merits of the motion to dismiss, a motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint

2

Case 2:16-cv-01057-LA   Filed 03/30/17   Page 2 of 5   Document 41

must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before filing an answer if the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must point out the defects complained of and the details desired. Fed. R. Civ. P. 12(e). A Rule 12(e) motion is disfavored and is not a substitute for discovery. *Coleman v. Majestic Star Casino, LLC*, No. 2:11-CV-391-PPS-PRC, 2012 WL 1424396, *1 (N.D. Ind. Apr. 24, 2012).

Both parties agree that a claim of breach of contract requires allegations that (1) a contract existed between the parties, (2) the plaintiff performed its obligations under the contract, (3) the defendant breached its obligations under the contract, and (4) the plaintiff suffered damages as a result. (Doc. 17 at 3; Doc. 33 at 2–3.)

Eastco contends that the counterclaim fails to allege what contract exists between the parties. However, Broan asserts that after expiration of a Supply Agreement between the parties, Eastco continued to supply products to Broan based on purchase orders from Broan. Those purchase orders were either the same form as used while the Supply Agreement was

3

in effect or a different form beginning in November 2014 that incorporated terms from Broan's website. And through Eastco's acceptance of the purchase orders and the parties' normal and customary practice Eastco agreed to supply products to the specifications and in the quantities ordered by Broan. Broan's allegations are sufficient under Rule 12(b)(6) and (e) to put Eastco on notice of an alleged contract based on the purchase orders. Details of the terms of the purchase orders and whether those terms constitute the actual terms of the agreement are not necessary for notice pleading.

Eastco also contends that the counterclaim fails to specify what acts breached the contract and gave rise to damages. Broan's allegations include representations that the parties had a contract by which Eastco would supply Broan with ordered products or else pay damages if Broan had to procure substitute goods. They further assert that Eastco had accepted at least eighteen purchase orders from Broan for over 300,000 units of products around the time Eastco notified Broan that Eastco experienced vandalism problems at its facility in Tijuana, Mexico. Broan indicated it required assessment of the damage and recovery time. The counterclaim contends that Eastco failed to deliver product in the quantities ordered within the required specified time, forcing Broan to find alternate suppliers of product, incur additional costs, and suffer lost profits because it was unable to maintain production of its products without the components purchased from Eastco. These allegations are sufficient for both Rule 12(b)(6) and (e) purposes.

The court has reviewed the parties' briefs and agrees with Broan's arguments in opposition. To the extent this order does not address specific arguments by Eastco, those arguments are rejected and the court adopts Broan's position.

Therefore,

4

IT IS ORDERED that Broan's motion for leave to file a surreply or to strike portions of the reply (Doc. 38) and Eastco's motion to strike the surreply (Doc. 39) are denied as moot.

IT IS FURTHER ORDERED that Eastco's motion to dismiss the counterclaim or for a more definite statement (Doc. 16) is denied.

IT IS FURTHER ORDERED that this case is returned to the clerk of court for reassignment to another judge.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE